IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ISMAEL ACEVEDO ORTIZ,                    )
                        Plaintiff,        )
                                          ) Civil Action No. 10-1753
              vs.                         ) District Judge Gary L. Lancaster
                                          ) Magistrate Judge Maureen P. Kelly
DANIEL JEROME BAIRD, VINCENT              )
PAUL KALWASINSKI, ERNEST BORING,         )
SCOTT JOHN DAISLEY, KELLY                 )
LATTERNER, JOHN DOE #1, JOHN              ) RE: ECF No. 32
DOE #2, JOHN DOE #3, JOHN DOE #4,         )
                        Defendants.        )

## <u>MEMORANDUM ORDER</u>

Plaintiff, Ismael Acevedo Ortiz, an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), is currently incarcerated at the State Correctional Institution at Frackville. He brings this civil rights action against Defendants, all of whom are employed by the DOC, alleging that Defendant Kalwasinski used excessive force against Plaintiff in retaliation for Plaintiff threatening to file a grievance for sexual harassment against Kalwasinski, and that the other Defendants failed to intervene. ECF No. 6.

On February 21, 2012, Plaintiff sought additional time to complete discovery, ECF No. 28, in which he identified twenty-two sets of document he wanted the Defendants to produce. Defendants responded to Plaintiff's Motion on March 2, 2012, ECF No. 29, stating that they had no objection to extending discovery and indicating how they would potentially respond to each of Plaintiff's requests if the Court granted Plaintiff's motion. Defendants objected to Plaintiff's requests in certain instances and, with respect those requests, indicated that the documents sought would not be produced. This Court granted Plaintiff's motion to extend time for discovery and ordered Defendants to produce to Plaintiff any relevant, non-privileged documents that had not been properly objected to by April 17, 2012. ECF No. 30.

Approximately one month before the April 17th discovery due date, Plaintiff filed a

Motion to Compel Discovery, ECF No. 32, in which he essentially responds to Defendants'

representations that certain documents would not be forthcoming.  Defendants responded to

Plaintiff's Motion to Compel on March 29, 2012, ECF No. 34, in which they object to Plaintiff's

Motion as being premature since their responses to Plaintiff's discovery requests were not due

until April 17, 2012.  Defendants also address Plaintiff's concerns regarding the documents

Defendants previously indicated would not be produced.

The date that discovery was due, April 17, 2012, has now passed.  Assuming that

Defendants did not produce the documents requested by Plaintiff that they had previously

objected to, Plaintiff's Motion to Compel is now ripe for review.

## I.    LEGAL STANDARD

Generally, courts afford considerable latitude in discovery in order to ensure that

litigation proceeds with "the fullest possible knowledge of the issues and facts before trial."

Hickman v. Taylor, 329 U.S. 495, 501 (1947).  The polestar of discovery is relevance.

Relevance for discovery purposes is defined broadly.

The Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged

matter that is relevant to any party's claim or defense . . . . Relevant information need not be

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "[A]ll relevant material is discoverable unless

an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable,

however, is defeasible."  Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000).  Discovery may

properly be limited where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). When there is no doubt about relevance, however, a court should tend toward permitting discovery. Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265-66 (E.D. Pa.1992).

Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Option One Mortgage Corp. v. Fitzgerald, 2009 WL 648986 at *2 (M.D. Pa. Mar. 11, 2009).

## II.   DISCUSSION

In his original request for discovery filed on February 21, 2012, Plaintiff asked for any and all reports of sexual harassment made to the Pennsylvania DOC hotline from May 19, 2009 to July 20, 2009. ECF No. 28, ¶ 3. Plaintiff now amends his request seeking only two reports of sexual harassment that he made to the hotline between May 19, 2009, and July 20, 2009, regarding Defendant Kalwasinski. Plaintiff states that he needs the records to show a pattern. ECF No. 32, ¶ 1. Defendants object to the request because, having made the complaints, Plaintiff is well aware of what allegedly happened and that the reports are inadmissible to show

3

"a pattern" or that Kalwasinski's acted badly in the past.

Although it is undisputed that Plaintiff made the reports at issue and, thus, is well aware of the allegations contained in those reports, he is nevertheless entitled to documentation memorializing the fact that he threatened to make, and apparently did make, a complaint against Defendant Kalwasinski on May 19, 2009, which is the basis for his retaliation claim. Because, however, Plaintiff's Complaint revolves around the alleged use of excessive force used by Kalwasinski on May 19, 2009, neither the report that Plaintiff made in July of 2009 against Kalwasinski nor evidence of a pattern appears relevant. As such, Plaintiff's request is granted with respect to the report Plaintiff made to the DOC hotline on May 19, 2009, and denied with respect to the July 20, 2009 report to the hotline.

Plaintiff also seeks the complete names, identification numbers and present location of inmates "Naranjo" and "Lucena," who were allegedly housed in the Restricted Housing Unit ("RHU") with Plaintiff at the time of the incident and allegedly witnessed the assault on Plaintiff. ECF No. 32, ¶ 2. Defendants have represented that, according to the DOC website, there are three inmates in the system who bear the last name Naranjo, and one inmate named Lucena. Defendants allow that they will provide Plaintiff with the complete names of these inmates but that it is incumbent upon Plaintiff to determine which, if any, of these inmates were in the RHU at the relevant time, referring Plaintiff to the policies and procedures governing communication between inmates. Because the remainder of the information sought by Plaintiff is publicly available and the DOC provides the means for Plaintiff to communicate with these potential witnesses, the information Plaintiff seeks is discoverable without assistance from Defendants. As such, Plaintiff's request in this regard is denied.

Plaintiff also seeks to compel the production of the background, work history, past lawsuits, and any reports of misbehavior, reprimands or grievances filed against all named Defendants.  ECF No. 32, ¶3.  Defendants have objected to this request as essentially asking for Defendants' personnel files which contain personal information that inmates cannot be privy to and because any past transgressions by Defendants are inadmissible.  The Court agrees and finds that Plaintiff's request is not only too broad in light of the claims he has raised in the Complaint, but that divulging this information to Plaintiff would have serious security implications.  See Paluch v. Dawson, 2007 WL 4375937 at *5 (W.D. Pa. Dec. 12, 2007).  Accordingly, Plaintiff's request in this regard is denied.

In paragraph four of the Motion to Compel, Plaintiff seeks "[a]ny and all copies of 'The Master Index Procedural Manual of the PA. D.O.C.,'" in order to search for any policies that may be relevant to his claims.  ECF No. 32, ¶ 4.  Defendants have objected to the request as being overbroad and "the quintessential fishing expedition."  The Court agrees particularly as the Index itself would appear to have no relevance to Plaintiff's claims.  Plaintiff's request in this regard therefore is denied.

Plaintiff also asks for copies of his psychiatric mental health records from May 19, 2009 to the present in paragraph five of his Motion.  ECF No. 32, ¶ 5.  Defendants have objected to the request arguing that allowing Plaintiff access to the observations and recommendations of prison staff would allow him to manipulate his treatment and potentially create dangerous situations for the staff and other inmates.  The Court not only agrees with Defendants but finds that, while perhaps relevant to damages, Plaintiff's mental health records are irrelevant to whether Kalwasinski used excessive force against him in retaliation for threatening to file a grievance or

to whether the other Defendants failed to intervene in the first instance.  Accordingly, Plaintiff's

request is denied without prejudice to revisit after dispositive motions have been resolved.

Plaintiff also seeks a copy of his deposition transcript stating that he cannot afford to pay

for a copy himself as evidenced by the fact that he has been granted leave to proceed *in forma*

*pauperis*.  The fact that Plaintiff has been permitted to proceed *in forma pauperis* under 28

U.S.C. § 1915, however, only permits the waiver of fees and relieves Plaintiff of the obligation

of paying for certain printing costs required by the appellate court and the costs of transcripts of

proceedings before a magistrate judge if so required by the district court.  Tabron v. Grace, 6

F.3d 147, 158 (3d Cir. 1993).  It does not require the government to pay for deposition

transcripts or other litigation expenses that arise during the course of a civil suit brought by an

indigent litigant.  Id.  That is Plaintiff's responsibility.  As such, Plaintiff's request that

Defendants provide him with a copy of his deposition transcript is denied.

The Court will also deny Plaintiff's request for the RHU J-Block Correctional Logbook.

ECF No. 32, ¶ 7.  It is unclear to the Court how the RHU log book is relevant to Plaintiff's

claims, particularly given Defendants' representation that only visitors to the RHU sign the

logbooks and that neither the staff who works in the RHU nor the inmates who are housed in the

RHU sign the book. Plaintiff's request therefore is denied.

Plaintiff also requests that Defendants provide him with copies of: (1) the portion of the

6.3.1 Facility Security Manual dealing with Perimeter Surveillance; (2) the portion of the 6.3.1

Facility Security Manual covering Correctional Officer Staffing; (3) the DC-ADM 201 Use of

Force Policy, including Section 7 regarding the Use of Videotaping; (4) copies of the DC-ADM

203, Search of Inmates and Cell Policies; and (5) any policies, directives, or instructions to staff

concerning the use of force and pat-down searches.  ECF No. 28, ¶¶ 13-17; ECF No. 32, ¶ 8.

Defendants object to these requests collectively as having security implications.  ECF No. 29, ¶

m; ECF No. 34, ¶ 12.  Although the Court agrees that divulging any portion of the 6.3.1 Facility

Security Manual would have serious security ramifications, the DOC Policies regarding the use

of force and searches of inmates and their cells do not appear as compromising.  See Paluch v.

Dawson, 2007 WL 4375937 at *5.  Indeed, these polices appear on the DOC's public website.

That, having been said, because these polices appears on the DOC's website and are publically

available, they are available to Plaintiff.  As such, Defendants need not be compelled to produce

them and Plaintiff's request in this regard is denied.

<u>ORDER</u>

AND NOW, this 20th day of April, 2012, upon consideration of Plaintiff's Motion to

Compel Discovery, ECF No. 32, IT IS HEREBY ORDERED that, to the extent the issues raised

therein are still viable, the motion is DENIED in part and GRANTED in part as set forth above.

BY THE COURT,


/s/   MAUREEN P. KELLY
United States Magistrate Judge

cc:    Ismael Acevedo Ortiz
       FY-3422
       SCI-Frackville
       1111 Altamont Boulevard
       Frackville, PA 17931

       All counsel of record via CM/ECF